**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JANNA CHOI<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>KIMBERLY-CLARK WORLDWIDE, INC.<br><br>　　　　Defendant(s). | Case No.: 8:19-cv-00468-DOC-ADS<br><br>**SCHEDULING ORDER & ORDER RE: PRETRIAL AND TRIAL PROCEDURES**<br><br>**Fact Discovery Cut-Off**:<br><br>July 27, 2020<br><br>**Motion Cut-Off**:<br><br>September 28, 2020 at 08:30 AM<br><br>**Final Pretrial Conference**:<br><br>November 9, 2020 at 08:30 AM<br><br>**Trial**:<br><br>December 1, 2020 at 08:30 AM |

　　This Scheduling Order governs the course of all pretrial and trial proceedings in this case. For further guidance, consult the Federal Rules of Civil Procedure and the Local Rules.

\\\

### I. Court Appearances

Parties shall be represented at all court appearances by lead counsel, the counsel expected to be in charge of conducting trial on behalf of the parties. The parties (or counsel) must appear in person for hearings and conferences before the Court. The Court does not permit telephonic appearances.

Under no circumstances should counsel, or a party if the party is appearing *pro se*, fail to appear at a court appearance unless their appearance has been waived by prior order of the Court. Even if the parties have reached a settlement, counsel for all parties, or the party if appearing *pro se*, must appear at court appearances until a stipulation of dismissal signed by all parties has been lodged with the Court.

### II. Settlement

If the parties have agreed to appear before a neutral selected from the Court's Mediation Panel (ADR Procedure No. 2) or to participate in private mediation (ADR Procedure No. 3), the parties shall notify the Court of the name and contact information of the mediator within twenty-one (21) days of this Order if they have not already done so in their Rule 26(f) report.

If settlement is reached at any time in this litigation, the parties shall immediately notify the Court by telephone, email, or by filing a notice of settlement. Local Rule 40-2. The Court's Courtroom Deputy Clerk can be reached at (714) 338-4543. The Court's email address is DOC_Chambers@cacd.uscourts.gov.

### III. Joinder of Parties and Amendment of Pleadings

All motions to join other parties (including Doe or Roe defendants) or to amend the pleadings shall be filed and served within sixty (60) days of the date of this Order and noticed for hearing within ninety (90) days of this Order.

### IV. Discovery Cut-Off

The Court has established a cut-off date for discovery in this action. All discovery is to be completed on, or prior to, the cut-off date. Plan now to complete discovery on the schedule set; a continuance is *unlikely*. Accordingly, the

following discovery schedule shall apply in this Court:

(1) <u>Depositions</u>: All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date. A deposition which commences five (5) days prior to the discovery cut-off date may continue beyond the cut-off date, as necessary.

(2) <u>Written Discovery</u>: All interrogatories, requests for production of documents, and requests for admissions shall be served at least forty-five (45) days before the discovery cut-off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in unusual circumstances and upon a showing of good cause.

(3) <u>Discovery Motions</u>: Any motion regarding the inadequacy of responses to discovery must be filed and served no later than five (5) days after the discovery cut-off date. Routine discovery motions will be referred to the magistrate judge assigned to the case. Whenever possible, the Court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner. Repeated resort to the Court for guidance in discovery is unnecessary and may result in the Court appointing a Special Master at the joint expense of the parties to resolve discovery disputes. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

(4) <u>Disclosure of Expert Testimony</u>: The above discovery cut-off date includes expert discovery, unless otherwise ordered by the Court, and the Court orders the sequence of disclosures as provided by Fed. R. Civ. Proc. 26(a)(2)(D), unless the parties otherwise stipulate in writing and obtain the Court's approval.

\\\

## V. Protective Orders and Under Seal Filings

All protective orders are to be noticed before the magistrate judge assigned to your case, unless otherwise ordered by Court.

Stipulated Protective orders or confidentiality orders generally do not control under seal filings. Applications for under seal filings must state with specificity the basis for protection and should not rely exclusively on the existence of a protective order. See Judge Carter's Initial Standing Order for more information.

## VI. Motions Generally

Counsel should note the timing and service requirements of Local Rules 6 and 7 and its subparts including:

(1) Rule 6-1: Notice of motion and the moving papers must be filed and served twenty-eight (28) days before the noticed hearing date, unless the notice is served by mail, in which case service is required thirty-one (31) days prior to the noticed hearing date;

(2) Rule 7-9: Opposing papers shall be filed twenty-one (21) calendar days before the hearing date; and

(3) Rule 7-10: Reply papers, if any, shall be filed fourteen (14) calendar days before the hearing date.

(4) Rule 7-11: If the hearing date is continued, the deadlines for filing opposing and reply papers are automatically extended unless the Court orders otherwise.

Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters.

## VII. Motions for Summary Judgment

The motion cut-off date is the day that the Court will hear motions for summary judgment. Thus, motions must be filed several weeks in advance of this date as required by Local Rule 6.

In general, the Court will hear only one motion for summary judgment per

party. Cross motions for summary judgment will all be heard on the same day, after the close of discovery. In other words, the Court will not entertain piecemeal motions for partial summary judgment before the factual record is complete.

All motions (except motions *in limine* dealing with admissibility of evidence) must be disposed of before the Final Pretrial Conference.

### A. Moving Party's Statement of Uncontroverted Facts and Conclusions of Law

The uncontroverted facts shall be set forth in a two column format. The left hand column shall set forth the allegedly undisputed fact. The right hand column shall set forth the evidence that supports the factual statement. The fact statements shall be set forth in sequentially numbered rows. Each cell should contain a narrowly focused statement of fact, and address a single subject in as concise a manner as possible.

### SUF Example

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #1 (Moving party's first undisputed fact) | (citations to supporting evidence) |
| #2 (Moving party's second undisputed fact) | (citations to supporting evidence) |

### B. Opposing Party's Statement of Genuine Disputes of Material Fact

The first part of the opposing party's Statement of Genuine Disputes shall track the moving party's Statement of Uncontroverted Facts. It shall be set forth in a two column format. The left hand column shall restate the allegedly undisputed fact and supporting evidence, and the right hand column shall state either that the fact is undisputed or disputed. The opposing party may dispute all or only a portion of the allegedly undisputed fact, but if disputing only a portion, the opposing party must specify clearly what portion is being disputed.

To demonstrate that a fact is disputed, the opposing party shall briefly state why it disputes the moving party's allegedly undisputed fact, cite to the relevant

exhibit or other evidence controverting the allegedly undisputed fact, and describe what it is in that exhibit or evidence that controverts the allegedly undisputed fact.

If the opposing party objects to the evidence supporting an allegedly undisputed fact, the party shall state in the right hand column the presence of that objection, by simply stating "Evidentiary Objection." The specific grounds of each objection should be included in a separate table.

No legal argument shall be set forth in this document.

The opposing party may also specify additional material facts that bear on or relate to the issues raised by the moving party, which shall follow the same two column format described above for the moving party's Statement of Uncontroverted Facts. These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first new allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31).

The moving party, in its reply, shall respond to the additional allegedly undisputed facts in the same manner and format that the opposing party is required to adhere to in responding to the moving party's Statement of Uncontroverted Facts, as described above.

**SGD Example**

| SUF # / Moving Party's Undisputed Fact/Evidence | Reply |
|---|---|
| #1 (Moving party's first undisputed fact)<br><br>(moving party's citations to supporting evidence) | State whether the moving party's fact is disputed or undisputed.<br><br>(citations to supporting evidence)<br><br>(note if there is an evidentiary objection) |
| #2 (Moving party's second undisputed fact)<br><br>(moving party's citations to supporting evidence) | State whether the moving party's fact is disputed or undisputed.<br><br>(citations to supporting evidence)<br><br>(note if there is an evidentiary objection) |

### C. Supporting Evidence

Evidence in support of or in opposition to a motion shall be presented to the Court in a way that makes it easy for the Court to find cited evidence. For instance, the parties should make generous use of tabs and indices for hard copies of exhibits. The parties should highlight the testimony or portions of exhibits on which they are relying.

If a deposition is cited extensively, the parties should lodge a copy of the deposition transcript with the Court.

### D. Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the party should file a separate document entitled "Objections to Evidence Offered in Support of [Party's] [Motion/Opposition]." The Objections to Evidence should be filed in conjunction with the opposition or reply brief of the party. The document should be organized to track the row numbers of the other party's separate statement in sequence. It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken.

### **Evidentiary Objections Example 1**

| Moving Parties Undisputed Fact/Evidence | Evidentiary Objection |
|---|---|
| #1 (Moving party's first undisputed fact)  Jane Smith Dep. 60:1–10; Lee Decl. Ex. E (Disclosure Agreement § 2) | Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the ground that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent that the statement is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue. Fed. R. Evid. 801, 802. |

Alternately, if the evidentiary objection(s) is/are particularly lengthy (over 100 words), the party may lodge its objections in a standard memo-format. However, this memorandum must specifically cite the SUF number.

**Evidentiary Objections Example 2**

Statement of Uncontroverted Facts #3: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the ground that the statement constitutes inadmissible hearsay and no exception is applicable.

[Lengthy legal argument]

To the extent that the statement is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue. Fed. R. Evid. 801, 802.

### E. Filing Statements of Fact

In addition to filing statements of fact, the Parties should email the Statement of Uncontroverted Facts and Statement of Genuine Disputes in Word or Excel format to DOC_Chambers@cacd.uscourts.gov.

### VIII. Final Pretrial Conference

A Final Pretrial Conference ("FPTC") has been scheduled in this case pursuant to Federal Rule of Civil Procedure 16 and the Local Rules. Unless excused for good cause, each party appearing in this action shall be represented at the FPTC and all pretrial meetings of counsel by lead counsel.

A continuance of the Final Pretrial Conference at counsel's request or stipulation is *highly unlikely*. Counsel should plan to do the necessary pretrial work on a schedule which will ensure its completion with time to spare before the Final Pretrial Conference. Failure to complete discovery work is not grounds for a continuance. The Court has a crowded docket and to displace another case already set for trial in favor of a case in which counsel have not been diligent in preparing their case would not be just.

### A. Memoranda of Contentions of Fact and Law and Final Pretrial Conference Order

Compliance with the requirements of Local Rule 16 is required by the Court. Carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief) and a proposed Final Pretrial Conference Order ("FPTCO") shall be submitted in accordance with the provisions of Local Rules 16-4 through 16-7. The Memoranda of Contentions of Fact and Law are due twenty-one (21) days before the FPTC and the proposed FPTCO is to be lodged eleven (11) days before the FPTC. The form of the proposed Final Pretrial Conference Order shall be in conformity with the format set forth in Appendix A to Local Rules. Adherence to the time requirements is necessary to provide the Court and its staff time to prepare the matter.

In drafting the FPTCO, the Court expects that counsel will attempt to agree on and set forth as many uncontested facts as possible. The Court will normally read the uncontested facts to the jury at the start of the trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

At the FPTC, counsel should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, presentation of testimony on direct examination by declaration subject to cross-examination, and qualification of experts by admitted resumes. In rare cases in which the Court waives the FPTC, counsel must follow Local Rules 16-11.

### B. Motions in Limine

All motions in limine must be filed eleven (11) days prior to the FPTC. Oppositions to motions in limine must be filed no later than seven (7) days prior to the FPTC. Motions in limine will typically be heard at the FPTC.

\\\

### IX. Trial

Parties should note that the Court may advance the trial date by up to two weeks.

#### A. Statement of the Case (Jury Trials)

At least seven (7) days prior to trial, the parties shall prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should typically be a few sentences in length.

#### B. Voir Dire (Jury Trials)

At least seven (7) days prior to trial, each party shall file and serve on opposing parties any special questions requested to be put to prospective jurors on voir dire.

#### C. Proposed Jury Instructions (Jury Trials)

Proposed jury instructions must be filed seven (7) days prior to trial, in accordance with Local Rule 51. Parties should cite relevant authorities for each instruction, e.g., CACI, Ninth Cir. Model Jury Instructions. The parties should exchange proposed jury instructions and agree as much as possible on the necessary instructions before filing them with the Court. Both parties should submit their proposed jury instructions (preferably in Word format) to the Court at DOC_Chambers@cacd.uscourts.gov. In addition, parties should bring copies of their proposed jury instruction, printed on single-sided paper, with them on the first day of trial.

#### D. Findings of Fact and Conclusions of Law (Bench Trials)

The parties shall serve and lodge proposed findings of fact and conclusions of law at least seven (7) days prior to trial and in accordance with Local Rule 52. The parties should submit their proposed findings of fact and conclusions of law (preferably in Word format) to the Court at DOC_Chambers@cacd.uscourts.gov.

\\\

### E. Proposed Verdict Form

At least seven (7) days prior to trial, the parties shall file their proposed verdict forms. The Court typically does not use special verdict forms. The parties should exchange proposed verdict forms and agree as much as possible to the form before filing. The parties should submit the proposed verdict form (in Word format) to the Court at DOC_Chambers@cacd.uscourts.gov.

### F. Exhibits

A joint exhibit list must be filed at least twenty-one (21) days prior to the Final Pretrial Conference in accordance with Local Rule 16-6.1. Parties should also submit their joint exhibit list (in Word format) to the Court at DOC_Chambers@cacd.uscourts.gov.

Exhibits are to be delivered to the Courtroom Deputy Clerk not later than 8:30 a.m. on the first day of trial. All exhibits will be placed in loose leaf binders which are tabbed down the right side with exhibit numbers. The spine of the binder is to be marked with the case name and number and the numbers of the exhibits contained therein.

Two binders will be prepared: (1) an original for the Clerk, which will be tagged with the appropriate exhibit tags in the upper right-hand corner of the first page of each exhibit, and (2) one copy for the Court. Each binder will contain an index of the exhibits included.

The exhibits are to be numbered in accordance with Local Rule 26-3. Counsel may obtain exhibit tags (yellow for plaintiff and blue for defendant) at the Clerk's Office, Intake Window. Special arrangements for voluminous or oversized exhibits should be made with the Courtroom Deputy Clerk by Wednesday of the week before trial.

\\\

\\\

\\\

After the conclusion of trial, parties must take their exhibits with them after signing a release. If the parties do not take their exhibits, the Court will dispose of exhibits after fourteen (14) days.

**X.  Other**

Class Certification Motion Hearing 4/27/2020 @ 8:30 AM

**IT IS SO ORDERED.**

Dated: July 29, 2019

_____
David O. Carter
United States District Judge

Revised: March 21, 2017