**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          ykrivoshey@bursor.com
          breed@bursor.com

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich (State Bar No. 159936)
Adam T. Hoover (State Bar No. 243226)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile:  (949) 975-0514
E-mail:  mgr@reichradcliffe.com
          adhoover@reichradcliffe.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JANNA CHOI and NATASHA PARKER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>KIMBERLY-CLARK WORLDWIDE, INC.,<br><br>                    Defendant. | Case No. 8:19-CV-00468-DOC (ADSx)<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Janna Choi and Natasha Parker ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Kimberly-Clark Worldwide, Inc. ("Kimberly-Clark" or "Defendant") for the manufacture and sale of U by Kotex® Sleek® Tampon products identified below.  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF ACTION

1.     This is a class action against Defendant Kimberly-Clark Worldwide, Inc. for the manufacture and sale of U by Kotex® Sleek® Tampons in Regular, Super, and Super-Plus Absorbency (collectively, the "Products" or "Kotex Sleek Products"), all of which suffer from an identical defect.  The Products are defective because they unravel and/or come apart upon removal (the "Defect"), and in some cases cause users to seek medical attention to remove tampon pieces left in the body. Additionally, the Defect can cause infections, vaginal irritation, localized vaginal injury, and other symptoms.  The Defect renders the Products unsuitable for their principal and intended purpose and therefore the Products are completely worthless at the point of purchase.

2.     Plaintiffs bring claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for (1) unjust enrichment; (2) violation of the unfair prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and (3) breach of implied warranty of fitness.

## PARTIES

3.     Plaintiff Janna Choi is, and at all times relevant to this action has been, a resident of Huntington Beach, California.  Ms. Choi has purchased U by Kotex® Sleek® Tampons, Regular Absorbency, at the rate of approximately one box per month from about September 2016 to the present.  Ms. Choi purchased the Products

primarily from stores in Huntington Beach like Target and Vons.  Ms. Choi would not have purchased the Products had she known that there was a significant risk that the Product was unfit to perform its intended purpose and dangerous.  Ms. Choi would not have purchased the Products had she known that the Products suffered from the Defect.  Upon learning of the Defect, Ms. Choi stopped using the Products and still has unused Products in her possession.  Because of the Defect, Ms. Choi cannot use the remaining Products and, accordingly, suffered economic loss.

4.      Plaintiff Natasha Parker is, and at all times relevant to this action has been, a resident of Santa Rosa, California.  Within the past two years, Ms. Parker purchased U by Kotex® Sleek® Tampons, Regular, Super, and Super-Plus Absorbency from stores in and around Santa Rosa.  Roughly eighteen months ago, when attempting to remove one of the Products from her person after use, the Product unraveled and disintegrated, leaving behind portions of the Product inside of Ms. Parker.  Due to the Defect, Ms. Parker experienced burning sensations and localized discomfort.  Ms. Parker would not have purchased the Products had she known that there was a significant risk that the Product was unfit to perform its intended purpose and dangerous.  Ms. Parker would not have purchased the Products had she known that the Products suffered from the Defect.  After experiencing the Defect, Ms. Parker stopped using the Products and threw away the remaining Products she had in her possession.  Because of the Defect, Ms. Parker could not use the remaining Products and thus suffered economic loss.

5.      Defendant Kimberly-Clark Worldwide, Inc. is a Delaware corporation with its principal place of business at 351 Phelps Drive, Irving, Texas 75082.  Defendant manufactures, sells, and distributes the Products throughout the United States.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate

amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

7.     This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.  Defendant is registered to do business in the State of California.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District because Plaintiff Janna Choi purchased the Products in this District and resides in this District.

## COMMON FACTUAL ALLEGATIONS

### I. The Defect And Ensuing Recall

9.     Defendant Kimberly-Clark is a multinational personal care corporation that generates roughly $18 billion in revenue a year.  Defendant's brand name products include Kotex® feminine hygiene products, which it manufactures and sells.  Throughout its website, Defendant boasts that "Billions of people choose our products each day to make a positive difference in their lives."

10.     Unfortunately for many consumers who purchased these Products, they were not purchasing products that would "make a positive difference in their lives."

11.     Indeed, the Products are defective because they pose a significant risk of unraveling and/or coming apart upon removal, and in some cases cause users to seek medical attention to remove tampon pieces left in the body.  Additionally, the Defect can cause infections, vaginal irritation, localized vaginal injury, and other symptoms. The Defect renders the Products unsuitable for their principal and intended purpose, and thus the Products are worthless at the point of sale.  For all of the Products that Defendant sold, the Defect is substantially likely to materialize during the useful life of the product.

12.     In December of 2018, Kimberly-Clark issued a recall of its U by Kotex® Sleek® Tampons, Regular Absorbency, that were manufactured between October 7, 2016 and October 16, 2018 and distributed between October 17, 2016 and October 23, 2018 due to a quality-related defect that could impact the performance of the product (the "Recall").  Specifically, Kimberly-Clark admitted that U by Kotex® Sleek® Tampons, Regular Absorbency are defective due the fact that they unravel and/or come apart upon removal as well as cause numerous other side effects described herein.

13.     However, Kimberly-Clark's recall was insufficient.  The recall was done so that Kimberly-Clark could claim it did the right thing in response to the Product Defect, when in fact the recall was calculated to protect Kimberly-Clark's profits by ensuring as few returns as possible.  Instead of publicly offering a refund of any kind, Kimberly-Clark merely instructed consumers to "stop using the product immediately and promptly call Kimberly-Clark's Consumer Service team," and to seek immediate medical attention for any symptoms such as vaginal injury, vaginal irritation, urogenital infections, hot flashes, abdominal pain, nausea, or vomiting following use of the impacted product.

14.     Furthermore, Kimberly-Clark limited its recall to U by Kotex® Sleek® Tampons, Regular Absorbency, even though consumers complained of the same unraveling Defect described herein occurring in U by Kotex® Sleek® Tampons, Super Absorbency and U by Kotex® Sleek® Tampons, Super Plus Absorbency.  U by Kotex® Sleek® Tampons, Regular Absorbency, U by Kotex® Sleek® Tampons, Super Absorbency and U by Kotex® Sleek® Tampons, Super Plus Absorbency are virtually the same product with the exception of size and are intended for the same type of use and suffer from the same Product Defect.  Kimberly-Clark's recall is also ineffective because it limits its recall of U by Kotex® Sleek® Tampons, Regular Absorbency to certain lot codes, which it listed in its December 2018 press release. However, there are no material differences between the tampons with the specified

lot codes in the Recall and other tampons within the Kotex® Sleek® Tampons product line, all of which are encompassed within the definition of Kotex Sleek Products herein and suffer from the same Product Defect.[1]

15.    For example, 3 months ago, a consumer posted a product review on the Product's website about the Product Defect and referenced U by Kotex® Sleek® Tampons, Super Absorbency, saying that "the tampon started to come apart" and that she "had to go to the ER to get it out."[2]

16.    Numerous other consumers complained of the Product Defect in relation to U by Kotex® Sleek® Tampons, Super Absorbency and Super Plus Absorbency, stating that "this tampon fell apart inside of me!", and "tampons have literally fallen apart inside me while removing them."  Each time, Defendant responded to the inquiry, directing the consumer to contact customer support:

---

[1] *See* https://investor.kimberly-clark.com/news-releases/news-release-details/kimberly-clark-announces-voluntary-recall-u-kotexr-sleekr (Last visited Mar. 7, 2019).
[2] *See* https://www.ubykotex.com/en-us/products/tampons/sleek-super-tampon (Last visited Mar. 7, 2019).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 ★☆☆☆☆ Birdgirl21 · 3 years ago          🎁 **Received Free Product**

**THE WORST**

Leaks even with super and super plus, tampons have literally fallen apart inside me while removing them, causing me to have to fish loose cotton out of myself, can't wear longer than 30 minutes without having to change it, "save the undies" is a joke. I've ruined more using these than I ever have in my life.

Did you receive a sample?  Yes

Helpful?    Yes · 4    No · 1    Report

 **RESPONSE FROM U BY KOTEX®:**

Anonymous  · U by Kotex Brand Team  · 3 years ago

We appreciate you taking the time to share your thoughts with us. We apologize for the experience that you had, and we want you to know that this is not something that you should expect. The health and comfort of our customers, along with product quality, is extremely important to us. Have you tried our U by Kotex Security Tampons? They gently expand in all directions for comfortable protection. You can view more information about them on our website here: http://bit.ly/1ZQ5p92. We would also like to speak to you further regarding your experience. When you have a moment, please reach out to our Consumer Care Team here: https://www.ubykotex.com/en-us/contact-us or by phone at 877-485-6839 (Monday through Friday, 8 am – 6 pm CST). Thank you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19     17.    Defendant has been on notice of the Product Defect for years and did

20  nothing about it.  For instance, six years ago, a consumer posted a product review on

21  the Product's website about the Product Defect and referenced U by Kotex® Sleek®

22  Tampons, Super Plus Absorbency.  Specifically, the consumer stated "I am just

23  going to say what is annoying me about their whole brand of tampons.  You can

24  br[e]ak[] them apart with your hands…Buy a tampon that is going to work and not

25  fall apart every time you use it.":

26  //

27

28

1
2
3
4
5
6
7
8
9
10
11



12      18.    A consumer complaint on Defendant's website also states that although

13  not included in the lot codes, and not regular absorbency, the consumer's Product

14  was still affected by the Defect:

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 ★☆☆☆☆ ThaliaG · 3 months ago    🎁 Received Free Product

**BOUGHT DIFFERENT ABSORBENT AND STILL SUCK**

I have bought 3 different boxes of sleek and all of the. Have fallen apart on me. I swear up and down that if I stay with kotex the only type I will buy is the click ones. As with every cycle I use two different types of absorbents none have stayed together. I was very disappointed. I figured it was just that two boxes were gifted to me as they are sleek supers and falls apart also. But even my regular ones do. Then when I go to check the webpage about the recall it tells me that the lot number and department number are invalid. There goes 52 supers in the trash and 18 regular plus what ever I have left from my two open boxes that are in my container in my bathroom. Very disappointed

Did you receive a sample?   Yes

✪ No,  I do not recommend this product.




Helpful?   Yes · 1   No · 0   Report

**RESPONSE FROM U BY KOTEX®:**

Community Manager  · U by Kotex Brand · 3 months ago

We appreciate your loyalty, ThaliaG, and we're happy that you're a fan of our U by Kotex Click Tampons. Your health and well-being are of the utmost importance to us. The recall is for specific lots of U by Kotex Sleek Tampons, Regular Absorbency. U by Kotex Sleek Tampons, Super and Super Plus Absorbencies are not affected by this recall. Current shipments to stores meet our high quality standards, and if your lot and department code numbers are not included, your product is not included in the recall. We'd like to speak with you personally about your experience, so please call us at 1-888-255-3499 or contact us here: http://bit.ly/2EiLhMe. Thank you.

//

19.     The Recall was insufficient because it did not include U by Kotex® Sleek® Tampons, Super and Super and Super Plus Absorbency, it came too late and it was too narrow in timeframe.  In fact, all Kotex Sleek Products, regardless of absorbency size or lot code, were affected by the Defect.

## II.  Kimberly-Clark's Pre-Sale Knowledge Of The Defect

20.     Years before issuing the recall, Kimberly-Clark received complaints of tampons unraveling and/or coming apart upon removal and complaints of infection, irritation, and localized injury.

21.     In fact, Defendant knew about the Defect through dozens of reviews posted *on its own website*.  As far as 6 years ago, numerous consumers posted product reviews about the Product's defective nature on Kimberly Clark's website, www.ubykotex.com, which Kimberly-Clark actively monitors.

22.     For each poor review, Kimberly-Clark responded to the consumer and directed them to contact customer service.

23.     For example, 5 months ago, a consumer stated that she "had serious issues with the Sleek Regular tampons.  Upon removal, the tampon starts to unravel…I have also purchased 2 boxes, at separate times, thinking the original box must have been a bad batch.  The first box had roughly 40% that were defective; I've only used 9 from the new box and 4 of them were faulty…Scary and unacceptable!":

//
//
//
//
//
//
//
//
//



INCONSISTENT QUALITY

Much like another reviewer, I have had serious issues with the Sleek Regular tampons. Upon removal, the tampon starts to unravel, causing me to have to manually remove the remaining tampon. I have also purchased 2 boxes, at seperate times, thinking the original box must have been a bad batch. The first box had roughly 40% that were defective; I've only used 9 from the new box and 4 of them were faulty. Has there been a change in manufacturing??? Scary and unacceptable! I've used Kotex for as long as I can remember and am so disappointed!

Did you receive a sample?   No

Helpful?   Yes · 2   No · 1   Report



RESPONSE FROM U BY KOTEX®:

Community Manager  · UbyKotex Brand · 5 months ago

We share your concern with your recent experience and we assure you that your health and well-being are our top priorities. We have not made any recent changes to our tampons so what you described is not something we would expect. We value your loyalty, and we'd like to talk to you further so we can learn more about what happened. If you can, please hold on to the remaining product and contact us by phone at 1-877-485-6839 (Monday through Friday; 7:30 a.m. – 7 p.m. Central Time) or online at https://www.ubykotex.com/en-us/contact-us so we can help. We hope to hear from you soon.

24.     4 months ago, another consumer posted a review that "multiple times I have had the tampons completely rip apart while removing them" and Defendant responded:

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



★☆☆☆☆ rwalker2891 · 4 months ago

**FALLS APART!**

I use many different brands and thought I'd try these. I will say the grip is
nice. However, multiple times I have had the tampons completely rip
apart while removing them when they aren't completely filled. Will not
repurchase and will stick with tampax from now on.

Did you receive a sample?  No

⊗ No,  I do not recommend this product.

Helpful?   Yes · 2    No · 1    Report

**RESPONSE FROM U BY KOTEX®:**

Community Manager  · U by Kotex Brand · 4 months ago

We're disappointed to hear about this, rwalker2891, because
your health and well-being are very important to us. What you
experienced is certainly not something you should expect
when using our tampons, and we take feedback like yours very
seriously. If you have any further concerns, we suggest
reaching out to your doctor. Also, we'd like to talk to you about
your experience and see what we can do to help. Please hold
onto the product and packaging and give us a call at 1-877-
485-6839 Monday–Friday from 7:30 a.m. to 7 p.m. CT or
contact us here: https://www.ubykotex.com/en-us/contact-
us/ when you have a minute. Thanks, and we look forward to
speaking with you soon.

21
22
23
24
25
26
27
28

25.    5 months ago, a consumer reported that "THE TAMPON RIPPED IN
HALF!!! I thought maybe this was just maybe a one time thing…I used them again,
AND IT HAPPENED AGAIN!!!"  Again, Defendant responded:

//

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



★☆☆☆☆  girl with lady parts · 5 months ago

**SCARY!!**

I bought this product a while ago and I used it on my heaviest flow tried to remove it…AND THE TAMPON RIPPED IN HALF!!! I thought maybe this was just maybe a one time thing so the next time I had my period I used them again, AND IT HAPPENED AGAIN!! I've always liked the U by Kotex Click so i decided to use this kind to try something new, and i was disappointed.

Did you receive a sample?  No

⊗ No,  I do not recommend this product.

Helpful?  Yes · 3   No · 1   Report

**RESPONSE FROM U BY KOTEX®:**

Community Manager · U by Kotex Brand · 5 months ago

Your health and well-being are very important to us, girl with lady parts, and we're disappointed to hear you had this experience. This is definitely not what you should expect when using our Sleek Tampons. We would like to personally speak with you so we can better understand what happened and see how we can help make this right. Please hang onto the packaging and product, and then contact us at 1-877-485-6839 Monday-Friday from 7:30 a.m. to 7 p.m. CT or https://www.ubykotex.com/en-us/contact-us/. Thank you, and we hope to hear from you.

26.    Again, yet another consumer complained that the Product "pulled apart" as the consumer was removing it.  She stated, "It has happened twice now."  Again, Defendant responded to the consumer:

//

//

//

//





27.     Like most companies who offer customers an opportunity to post reviews on their websites, Kimberly-Clark regularly monitors on-line customer reviews because they provide valuable data regarding quality control issue, customer satisfaction and marketing analytics.  Regularly and thoroughly monitoring reviews is also standard business practice for managing the company's on-line reputation. And, like most companies, Kimberly-Clark pays particular attention to 1-star reviews like those copied above because extreme reviews are sometimes the result of extreme problems, and Kimberly-Clark is sensitive to the reputational impact of negative on-line reviews.  As a result of this policy, Kimberly-Clark's management was aware of

the above-referenced consumer complaints shortly after each complaint was posted on the company website because each complaint was responded to.

28.     Kimberly Clark's management pays close attention when customers make similar complaints about a product, because that indicates the complaints are not the result of user error or an anomalous incident, but instead a systemic problem with the product.  Kimberly-Clark also knows that when there are many similar complaints from customers, then it is often the case that for every person who complains about a defect, there are other people who experienced the same defect but who did not complain.  Here, the reports and complaints from consumers were similar enough, and numerous enough, to put Kimberly-Clark on notice that the incidents described were the result of a defect, and Kimberly-Clark knew that the Products were experiencing unusually high levels of complaints about the Defect.

29.     Kimberly-Clark profited enormously from its failure to disclose the Product Defect sooner.   The only reason Kimberly-Clark did not disclose the defect sooner is that it deemed making money more important than protecting its customers from the dangers relating to the Products.

30.     The defect at issue here involves a critical safety-related component of the Products, and it was unsafe to use the Products because of their substantial likelihood of unravelling and/or coming apart upon removal or causing infection, irritation and/or injury.  Defendant had exclusive knowledge of the Defect, which was not known to Plaintiffs or class members.

## CLASS REPRESENTATION ALLEGATIONS

31.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased the Products from March 8, 2013 to the present (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

32.     Plaintiffs also seek to represent a subclass of all Class Members who purchased the Products in the State of California (the "California Subclass").

33.     At this time, Plaintiffs do not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Products, Plaintiffs believe that Class and Subclass members are so numerous that joinder of all members is impracticable.

34.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include, but are not limited to:

(a)     whether Defendant's conduct was unfair;

(b)     whether the Products are Defective;

(c)     whether Defendant has been unjustly enriched as a result of the unlawful and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the Class;

(d)     whether Plaintiffs and the Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

35.     With respect to the California Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Defendant violated the unfairness prong of California's Unfair Competition Law.

36.     Plaintiffs' claims are typical of those of the Class because Plaintiffs, like all members of the Class, purchased, in a typical consumer setting, Defendant's Products, and Plaintiffs sustained damages from Defendant's wrongful conduct.

37.     Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses and have retained counsel that is experienced in litigating complex class

actions.  Plaintiffs have no interests which conflict with those of the Class or the Subclass.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39.     The prosecution of separate actions by members of the Class and the Subclass would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not.  Additionally, individual actions could be dispositive of the interests of the Class and the Subclass even where certain Class or Subclass members are not parties to such actions.

<u>COUNT I</u>

**(Unjust Enrichment)**

40.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

41.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

42.     Plaintiffs and Class members conferred benefits on Defendant by purchasing the Products, which were useless and worthless at the point of purchase.

43.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class members' purchases of the Products.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant knew that the Products were unfit for use as tampons, that the Defect was substantially likely to manifest through the customary and intended use of the Products, and that the Products were worthless at the point of purchase.  Defendant's actions caused injuries to Plaintiffs and Class members because they would not have purchased the Products if the true facts were known, and because Plaintiffs and Class members could not use already-purchased Products upon learning of the Defect.

44.     Retention of those moneys also is unjust and inequitable because, as alleged above, Kimberly-Clark commenced an ineffective recall that was calculated to result in few returns, and generally no refunds, thereby protecting profits Kimberly-Clark collected from selling the defective products.

45.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

**COUNT II**

**(Violation California's Unfair Competition Law - Unfairness)**

46.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

47.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

48.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unfair conduct.

49.     As more fully described above, Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

50.     Plaintiffs and the other California Subclass members suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unfair manufacture, distribution, and sale of the defective and worthless Products.

51.     There is no benefit to consumers or competition from unfairly manufacturing, distributing, and selling the defective and worthless Products.

52.     Plaintiffs and the other California Subclass members had no way of reasonably knowing that the Products they purchased were not defective because

Defendant has exclusive knowledge of the Defect.  Thus, they could not have reasonably avoided the injury each of them suffered.

53.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiffs and the other members of the California Subclass.

54.     Pursuant to California Business and Professional Code § 17203, Plaintiffs and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

(a)     provide restitution to Plaintiffs and the other California Subclass members;

(b)     disgorge all revenues obtained as a result of violations of the UCL;

(c)     pay Plaintiffs' and the California Subclass' attorney's fees and costs.

## <u>COUNT III</u>
### (Breach of Implied Warranty of Fitness and Merchantability)

55.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

56.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

57.     Defendant is, and at all relevant times was, a merchant engaged in the business of manufacturing and distributing, among other things, Kotex Sleek Products.

58.     Plaintiffs and the Class Members purchased the Products.

59.     Defendant is a manufacturer and merchant with respect to goods of this kind, which were sold to Plaintiffs and other consumers, and there was in the sale to

Plaintiffs and other consumers an implied warranty that those goods were merchantable and that they were fit for their intended use as tampons.

60.     However, Defendant breached that warranty implied in the contract for the sale of goods in that Kotex Sleek Products are completely unusable, lack even the most basic degree of fitness for ordinary or intended use, and are not safe for human use as set forth in detail herein above.  Thus, the Products are completely unusable and worthless at the point of purchase.

61.     The Products are defective and unusable because they were distributed to the public containing a harmful Defect, and because the Defect was substantially likely to manifest through the customary and intended use of the Products.  As a result, the Products were not usable and dangerous to the health of its consumers.

62.     Defendant admitted that the Products were completely unusable and unfit for normal use when it initiated the recall described in detail herein above.

63.     As a direct and proximate result of this breach of warranty by Defendant, Plaintiffs and other consumers have been damaged by paying monies for products that are completely unusable and unfit for their intended purpose. Plaintiffs seek damages in an amount to be proven at trial for the injuries suffered from Defendant's breach of the implied warranties.  The damages suffered by Plaintiffs and the Class Members include, but are not limited to, the monies paid to Defendant for the Products.

64.     As a result of Defendant's conduct, Plaintiffs did not receive goods as impliedly warranted by Defendant to be merchantable, but instead received defective Products that are worthless and did or are substantially likely to cause harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and

1    naming Plaintiffs as representatives of the Class and Subclass and

2    Plaintiffs' attorneys as Class Counsel to represent the Class and

3    Subclass members;

4    b.    For an order declaring the Defendant's conduct violates the

5    statutes referenced herein;

6    c.    For an order finding in favor of Plaintiffs, the nationwide Class,

7    and the Subclass on all counts asserted herein;

8    d.    For compensatory and punitive damages in amounts to be

9    determined by the Court and/or jury;

10   e.    For pre-judgment interest on all amounts awarded;

11   f.    For an order of restitution and all other forms of monetary relief;

12   g.    For an order awarding Plaintiffs and the Class and Subclass their

13   reasonable attorneys' fees and expenses and costs of suit.

14                    **<u>DEMAND FOR TRIAL BY JURY</u>**

15   Plaintiffs demand a trial by jury of all issues so triable.

16
     Dated: September 9, 2019                **BURSOR & FISHER, P.A.**
17

18                                           By:   ___*/s/ Blair E. Reed*___
                                                     Blair E. Reed
19

20                                           L Timothy Fisher (State Bar No. 191626)
                                             Yeremey Krivoshey (State Bar No. 295032)
21                                           Blair E. Reed (State Bar No.316791)
                                             1990 North California Blvd., Suite 940
22                                           Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455
23                                           Facsimile:  (925) 407-2700
                                             E-mail: ltfisher@bursor.com
24                                                   ykrivoshey@bursor.com
                                                     breed@bursor.com
25

26                                           **REICH RADCLIFFE & HOOVER LLP**
                                             Marc G. Reich (State Bar No. 159936)
27                                           Adam T. Hoover (State Bar No. 243226)
                                             4675 MacArthur Court, Suite 550
28

---

AMENDED CLASS ACTION COMPLAINT                                                    21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile:  (949) 975-0514
E-mail:  mgr@reichradcliffe.com
          adhoover@reichradcliffe.com

*Attorneys for Plaintiffs*